## SHELTER PROPERTIES, INC.,
*Appellant,*
*v.*
## MOE et ux,
*Respondents.*
## (No. 78-3-299, CA 12631)

600 P2d 969

———————

Rex E. H. Armstrong, Portland, argued the cause
for appellant. With him on the briefs were Glen P.

McClendon and Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Raymond R. Bagley, Jr., Oregon City, argued the cause for respondents. With him on the brief was Alan R. Jack, Oregon City.

Before Schwab, Chief Judge, and Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals from the trial court's judgment for defendants in an action to recover a commission on the sale of real estate. We reverse.

Defendants entered into an exclusive listing agreement with plaintiff for the sale of defendants' home. The agreement was to terminate September 20, 1977 and provided that plaintiff would receive a 7% commission on the sale of the home if plaintiff or any other broker cooperating with plaintiff placed defendants "in touch with a buyer to whom at any time within ninety days after termination of this contract [defendants] may sell, contract to sell or exchange or convey said property."

In mid-September, 1977 a salesman from another group of realtors contacted plaintiff on behalf of his clients, the Warns, in order to verify that the property was still for sale. It was and the salesman showed the property to Michael Warn on September 16. The defendants were at home at the time the house was shown.

The Warns did not make an offer at that time. In mid-November they returned and made an offer of $100,000. After brief negotiations, defendants agreed to a selling price of $103,000. Defendants testified that they did not remember the Warns from their previous visit.

Two or three days after the Warns' second visit, defendants became concerned about their contract obligation to plaintiff and defendant Beva Moe called to make inquiries. The salesman who had listed the property for sale was not in the office, but Beva Moe directed her question to another employe, asking if there was any record of the property ever being shown to the Warns. The employe replied that she found no such record.

On November 28, defendants conveyed the property to the Warns by warranty deed for $103,000. Plaintiff

later found out about the sale and this action ensued when defendants refused to pay the commission claimed by plaintiff.

The trial court found that plaintiff, through a cooperating broker, had placed defendants in touch with the buyers during the contract period and that the sale had occurred within 90 days of the termination of the contract. However, the court further found that plaintiff should have known that the statement made by the employe on the telephone was false, that defendants had a right to rely on that representation and that they had relied to their detriment. The trial court concluded that plaintiff was estopped to claim the commission due it under the contract, entered judgment for defendants and awarded attorney fees to defendants.

The elements of estoppel are set forth in *Bennett v. City of Salem et al,* 192 Or 531, 235 P2d 772 (1951) as follows:

"* * * (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *" 192 Or at 541.

Plaintiff contends that there is no evidence in the record to support findings favorable to defendants on elements (1), (2) and (4). We agree. The statement made by plaintiff's employe was not false; plaintiff, in fact, had no record of the Warns having visited the property. The trial judge found that plaintiff should have known that the property had been shown to Warns, but the only testimony on this matter at trial showed that it was not the ordinary course of business to exchange customer names. Beva Moe did not make the purpose of her phone call known; therefore, we find that plaintiff's employe in answering defendants' question neither represented that no commission would be owing nor expected defendants to rely on the

fact that they owed no commission in setting their selling price. In any event, the selling price was already set, at least orally, prior to the phone conversation.

The judgment is vacated and the case is remanded for entry of judgment in favor of plaintiff.

Reversed and remanded.